UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELTON LUCE JR. and MARY LUCE,

                        Plaintiffs,

        v.                                                       **ORDER**
                                                                   24-CV-8195-SJB-JMW

AON SERVICE CORPORATION, et al,

                        Defendants.
-----------------------------------------------------------------X
**BULSARA, United States District Judge:**

      Defendant Nationwide Mutual Insurance Company ("Nationwide") has filed a letter motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. (Mot. to Dismiss dated Aug. 20, 2025 ("Mot. to Dismiss"), Dkt. No. 33 at 2). Previously, the Court exempted Nationwide from the E.D.N.Y. Compulsory Arbitration program both because Plaintiffs failed to oppose Nationwide's motion requesting exemption, and also because there was "seemingly no basis for Plaintiffs to recover against Nationwide." (Order dated Mar. 16, 2025). Nationwide subsequently attempted to directly contact Plaintiffs' counsel on May 6, 2025, to request that they dismiss Nationwide from the action, without response. (Mot. to Dismiss at 2). Nationwide then served a letter pursuant to Rule 11 on both Plaintiffs and their attorneys, again requesting them to dismiss Nationwide by July 17, 2025, and again without any response. (*Id.*). In addition to a failure to prosecute, Nationwide contends that Plaintiffs have no right to relief against it because the action stems from a pre-departure trip cancellation insurance dispute with other Defendants, and Nationwide's

policy "provides only post-departure travel insurance benefits." (Mot. to Dismiss at 2). The Court's earlier order exempting Nationwide from exemption was premised on this same lack of any basis for relief against Nationwide. (Order dated Mar. 16, 2025). And following Nationwide's filing of the pending motion to dismiss, the *other* Defendants in the case filed a letter—on consent with the Plaintiffs—requesting the Court to administratively close the case because those parties have agreed to arbitrate in California. (Letter dated Aug. 21, 2025 ("Arbitration Letter"), Dkt. No. 35). Subsequently, on August 22, 2025, the Court warned Plaintiffs that absent a response in opposition, Nationwide's motion to dismiss may be deemed unopposed and granted. (Order dated Aug. 22, 2025).

Rule 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Such dismissal is with prejudice. *See id.* The Court may also dismiss claims for failure to prosecute *sua sponte*. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). However, "[a] Rule 41(b) dismissal is one of the harshest sanctions, and thus it must 'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Smalls v. Cnty. of Suffolk*, 718 F. App'x 16 (2d Cir. 2017) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014)) (further quotations omitted). The Court must consider "the duration of the plaintiff's failure, the nature and timing of the court's notice to the plaintiff of possible dismissal, any prejudice to the defendant, the court's

2

own interest in managing its docket, and the possibility of imposing a lesser sanction." *Baptiste*, 768 F.3d at 217.

Plaintiffs have failed to prosecute its case against Nationwide since March 2025, having failed to respond to both the motion for exemption from arbitration and the motion to dismiss, despite deadlines set by the Court for their opposition. (Order dated Feb. 27, 2025; Order dated Aug. 22, 2025). Nationwide has also attempted to contact Plaintiffs' counsel and Plaintiffs directly, to no avail, including serving a Rule 11 sanctions letter. (Mot. to Dismiss at 2). There is no question that Plaintiffs have received notice and an opportunity to be heard on the pending motion, as well as earlier motions. Plaintiffs were warned that failure to oppose the pending motion to dismiss could result in an order granting the same. (Order dated Aug. 22, 2025). Indeed, Plaintiffs have consented to the Court administratively closing the case pending the outcome of arbitration in California with the other Defendants. (Arbitration Letter). Thus, given the failure to prosecute against Nationwide, and in light of the Court's earlier finding that there is no basis for recovery against Nationwide, the Court grants Nationwide's motion to dismiss with prejudice as to the claims against Nationwide only. The Clerk of Court is therefore directed to remove Nationwide from the case caption.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:  September 11, 2025
       Central Islip, New York

3